UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA J. WELLS, | ) | |
| | ) | |
| PLAINTIFF, | ) | 11CV50030 |
| | ) | |
| v. | ) | The HONORABLE JUDGE |
| | ) | FREDERICK J. KAPALA |
| THE COUNTY OF WINNEBAGO, et al | ) | |
| | ) | |
| DEFENDANTS | ) | |

**FILED MAR 24 2014 THOMAS G. BRUTON CLERK, U.S. DISTRICT COURT**

## EMERGENCY MOTION TO DISCHARGE ATTORNEY AND EXTEND TIME TO FILE REPLY TO DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT

NOW COMES the Plaintiff, Barbara J. Wells, (hereinafter "plaintiff") and for her Motion to Discharge Attorney and Extend Time To File Reply to Defendants' Second Motion for Summary Judgment, shows this Honorable Court as follows;

1. This case was originally filed on February 3, 2011 and plaintiff filed an amended complaint thereafter. It is a Title VII and ADA cause of action against the County of Winnebago.

2. Defendant failed to produce discovery requests for pertinent evidence, alleging that plaintiff was a State, and not a county employee.

3. During time for discovery, Brian Buzard, law librarian for the Winnebago County Law Library, and who was plaintiff's direct supervisor when she separated from her employer, was subpoenaed for deposition.

4. Plaintiff's attorney, Matthew M. Litvak, cancelled Mr. Buzard's deposition on defense counsel's argument that he had no authority to arrange for Mr. Buzard to be deposed because Mr. Buzard is an employee of the State.

1

5. Thereafter, defendant filed a Motion for Summary Judgment on the single issue of whether plaintiff was an employee of the County of Winnebago.

6. On April 19, 2013, this court entered an order denying defendant's Motion for Summary Judgment, setting forth in pertinent part;

> "Because plaintiff was not a state employee as a matter of law, and because plaintiff has presented some evidence on which a reasonable jury could conclude that Winnebago County was her employer, or at least one of her employers, see Tamayo v. Blagojevich, 526 F.3d 1074, 1088 (7th Cir. 2008) ("We have also held that multiple entities may be considered an employee's 'employer' for the purposes of Title VII liability."); Gordon v. Ill. Army Nat'l Guard, No. 99-2326, 2000 WL 286091, at *4 (7th Cir. Mar. 9, 2000) (noting that Title VII and the ADA "use the same language . . . in defining an employer'"), defendant's motion for summary judgment based on this single issue is denied.

7. After the entry of the aforementioned order of this court, attorney Litvak failed to pursue discovery to correct defendant's discovery deficiencies and to produce documents that defendant failed to produce on the basis that plaintiff was an employee of the State.

8. On November 26, 2013, this court entered a scheduling order, closing fact discovery on December 16, 2013.

9 On or about November 13, 2013, attorney Litvak sent plaintiff an email attaching subpoenas for depositions to depose three individuals; Todd Schroeder, Thomas Jakeway, and Brian Buzard. Because defendant previously deposed Todd Schroeder, plaintiff presumed that her attorney was conducting the depositions.

10. Between November 13, 2013 and December 9, 2013, Plaintiff telephoned Mr. Litvak, and getting his voice mail each time, left messages asking when he planned on speaking with plaintiff in preparation for the aforementioned depositions, and also asked if he wanted her to

2

bring hardcopies of pertinent documents with her that had been served on defendants during discovery. Plaintiff did not hear back from attorney Litvak until late morning on December 10, 2013.

11. On the late morning of December 10, 2013, Mr. Litvak telephoned plaintiff, informing her that he would be appearing by telephone for the depositions, and made her aware that the depositions were to be conducted by defense counsel. He asked that she fax to him those documents that she referred to in her messages. By the time that plaintiff completed faxing the documents to Mr. Litvak, the deposition of Todd Schroeder was underway.

12. During the aforementioned depositions of Todd Schroeder and Thomas Jakeway, Mr. Litvak was not physically available to present exhibits. Plaintiff was only an observer and had no way to communicate with Mr. Litvak.

13. Although Brian Buzard was scheduled to be disposed on December 10, 2013 at 2:30 p.m., it was not until that time when defendant's counsel informed plaintiff that Mr. Buzard had cancelled his deposition. Attorney Litvak failed to schedule Mr. Buzard for deposition by December 16, 2013.

14. After December 10, 2013, for the duration of the month of December, and for the months of January and February 2014, attorney Litvak did not reply to plaintiff's emails, neither return plaintiff's telephone calls.

15. On or about February 21, 2014, defendant filed a Second Motion for Summary Judgment. This court entered an order setting forth that plaintiff's reply was due for filing by March 18, 2014.

3

16. Plaintiff sent attorney Litvak emails, and also telephoned him. Each time that she telephoned, she received attorney Litvak's voice mail and left a message. Plaintiff received no email responses from attorney Litvak, neither returned telephone calls.

17. On or about March 5, 2014, attorney Litvak telephoned Plaintiff stating that he had two weeks to file the reply, and advised her that he was emailing to her what the defense had filed. One of the documents attached to the email is an Affidavit of Brian Buzard.

18. Plaintiff has no knowledge as to whether Brian Buzard is listed as a witness on defense's Rule 26(a)(1) response, and contacted attorney Litvak to discuss the defense's entry of Mr. Buzard's affidavit after he twice avoided being deposed. Attorney Litvak did not respond to plaintiff's concerns.

19. Thereafter, Plaintiff sent additional emails to attorney Litvak and also telephoned him and left messages. On March 17, 2014, attorney Litvak emailed Plaintiff saying that he was going to write the reply.

20. Attorney Litvak has not filed a reply to defendant's Second Motion for Summary Judgment and has failed to contact plaintiff with any reason.

21. Attorney Litvak has not been prompt and diligent and attorney-client communications have broken-down.

WHEREFORE, for the aforementioned reasons, plaintiff requests that this court enter an order and therein,

    A. Discharge Attorney Matthew M. Litvak from representing plaintiff in this matter; and

    B. Allow Plaintiff thirty (30) days in which to obtain legal counsel; and

C. Extend time for Plaintiff to file a reply to defendant's Second Motion for Summary Judgment; and

D. Such other and further relief as the Court deems fair and equitable.

Respectfully submitted,

*[signature]*

Barbara J. Wells, Plaintiff

## CERTIFICATION

By signing this Motion, I certify that the facts stated therein are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 24th Day of March, 2014

*[signature]*

Barbara J. Wells, Plaintiff

809 Harford Avenue

Rockford, IL 61102